IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 117-011 |
| | * | |
| VINCENT WHITE | * | |

ORDER

On August 13, 2021, the Court sentenced Defendant Vincent White to serve 24 months imprisonment upon revocation of supervised release.[1] At present, Defendant seeks release from federal custody pursuant to 18 U.S.C. § 3582(c)(1)(A), otherwise known as the compassionate release provision. The Government opposes the motion.

Defendant presents four grounds for compassionate release: (1) his rehabilitation; (2) his family circumstances; (3) his medical conditions of hypertension, obesity and a previous head injury in light of COVID-19; and (4) the conditions of his confinement. None of these factors standing alone or in the aggregate constitute extraordinary and compelling circumstances warranting compassionate release. Before elaborating on these substantive grounds, the Court notes that Defendant did not exhaust

---

[1] This is not the first time that Defendant has violated the law or his terms of release while on supervised release. (See generally Gov't Resp. in Opp'n, Doc. No. 73, at 1-3.) Suffice to say, Defendant has demonstrated himself to be a scofflaw.

his administrative remedies as required because thirty days had not passed from the date upon which he requested relief from the warden before filing this motion. See § 3582(c)(1(A). Thus, the Court denies the motion for compassionate release for this reason.

Even had Defendant waited the requisite time prior to filing, he would not be entitled to relief. The Eleventh Circuit has delineated the conditions that must be met prior to a movant's early release: (1) extraordinary and compelling circumstances must exist; (2) the district court must adhere to the Policy Statement in U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) early release must be supported by the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

The Application Note to the Policy Statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances.[2] U.S.S.G. § 1B1.13 n.1(A)-(C). The

---

[2] The Application Note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three

Eleventh Circuit has held that a district court may not identify "other reasons" outside of those listed in this Policy Statement to justify compassionate release. United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021).[3]

Turning now to his proffered grounds for release, Defendant complains that he has hypertension, obesity and a previous head injury. These conditions, whether considered alone or in conjunction with the contraction of COVID-19, do not constitute extraordinary and compelling circumstances warranting early release. In order to rise to the level of extraordinary and compelling under § 3582(c)(1)(A)(ii), a serious medical condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" or be one "from which [the inmate] is not expected to recover." See U.S.S.G. § 1B1.13 cmt. n.1(A). Defendant has not demonstrated that his medical condition rises to the level required by U.S.S.G. § 1B1.13. Importantly, Defendant bears the burden to establish extraordinary and compelling circumstances. See United

---

categories. Id. n.1(D) (emphasis added). Because the Court has no indication that the BOP Director sanctions Defendant's release, this category is inapplicable.

[3] Defendant's citation to Concepcion v. United States, 142 S. Ct. 2389 (2022) is unavailing. Concepcion involved sentence reductions under § 404 of the First Step Act of 2018; it did not involve § 603 of the First Step Act, § 3582(c)(1)(A), or the definition of an "extraordinary and compelling reason."

States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021). He has simply not carried his burden.

Nor do his family circumstances carry the day. Application Note 1(C) provides only two categories of family circumstances that would constitute extraordinary and compelling circumstances: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." The extenuating circumstances of a defendant's parents do not qualify.

With respect to his rehabilitation claim, the Eleventh Circuit has held that "rehabilitation alone is not an extraordinary and compelling reason warranting a sentence reduction." United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021); see also 28 U.S.C. § 994(t).

Finally, Defendant's complaints about the conditions of his confinement are unavailing in this context. Claims involving his facility's response to the COVID-19 pandemic generally and its individualized treatment of Defendant are not cognizable in the context of a § 3582(c) motion. Instead, Defendant must raise these claims in a civil suit brought pursuant to 42 U.S.C. § 1983. Moreover, because Defendant is housed in FCI Butner Medium I in Butner, North Carolina, this Court would not have jurisdiction over a § 1983 case. See, e.g., United States v. Spinner, 2021 WL

4

280059, *5 (S.D. Ala. Jan. 27, 2021) (cited sources omitted). Defendant would instead need to file a § 1983 case in the Eastern District of North Carolina.

Compassionate release ultimately remains within the Court's discretion. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013). The Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). In Defendant's case, these factors weigh against his release in light of the nature and circumstances of his offense and his criminal history. Moreover, given Defendant's proclivity to commit crime, early termination of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. Thus, the Court would not exercise its discretion to release Defendant under the compassionate release provision even under extraordinary and compelling circumstances.

Upon the foregoing, Defendant Vincent White's motion for compassionate release (doc. no. 72) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of September, 2022.

*/s/ Dudley H. Bowen, Jr.*
UNITED STATES DISTRICT JUDGE